**Xavier GREEN, aka X G,**
**Plaintiff–Appellant,**

v.

**SAN DIEGO UNIFIED SCHOOL DISTRICT, aka San Diego City Schools; Leonora Smith; Richard Thibodeau; Jeanine Cunningham; Beth Richer; Janice Davis–Winston, Defendants–Appellees.**

No. 05–55195.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2007.

Filed March 16, 2007.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Patricia Ann Lewis, Esq., San Diego, CA, for Plaintiff–Appellant.

John M. Morris, Esq., Steven J. Cologne, Esq., Higgs Fletcher & Mack, LLP, for Defendants–Appellees.

Before: McKAY,* KOZINSKI and TROTT, Circuit Judges.

* The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Cir-

## MEMORANDUM **

1. Even if we were to revisit *Belanger v. Madera Unified School District,* 963 F.2d 248, 251 (9th Cir.1992), plaintiff has not established that defendants acted with deliberate indifference. *See Duvall v. County of Kitsap,* 260 F.3d 1124, 1138–39 (9th Cir.2001) (intentional discrimination— i.e., at least deliberate indifference—is required to recover damages under Title II of the Americans with Disabilities Act); *Harris v. Capital Growth Investors XIV,* 52 Cal.3d 1142, 278 Cal.Rptr. 614, 805 P.2d 873, 893 (1991) (same for the California Unruh Civil Rights Act). Deliberate indifference requires both knowledge that a protected right is substantially likely to be infringed upon, and a failure to act upon that knowledge. *Duvall,* 260 F.3d at 1139. Here, defendants knew plaintiff had been teased by classmates, and were aware of several unrelated acts of violence on campus. This information did not create a substantial likelihood that plaintiff would be attacked. Nor did plaintiff establish that defendants unreasonably or inadequately responded to plaintiff's reports, or that defendants' actions reflected discrimination against plaintiff based on disability or race—the two bases for protected rights at issue.

2. Plaintiff's 42 U.S.C. § 1983 claims against defendants in their individual capacities similarly fail; plaintiff has not established deliberate indifference. *Cf. L.W. v. Grubbs,* 92 F.3d 894, 900 (9th Cir.1996). Nor could he on this record.

3. The district court properly rejected plaintiff's claim for intentional infliction of emotional distress because defendants' conduct was not extreme and outrageous. *KOVR–TV v. Superior Court,* 31 Cal.App.4th 1023, 1028, 37 Cal. Rptr.2d 431 (1995), does not eliminate the requirement of extreme and outrageous conduct; it merely reinforces the general rule that the intent to cause emotional distress can be satisfied by showing "reckless disregard."

4. The district court correctly found the vice principal immune from suit under Cal. Gov't Code § 820.2 for her decision to recommend expulsion, because the act "was the result of the exercise of the discretion vested in [her], whether or not such discretion be abused." *Id.; see, e.g., Thompson v. Sacramento City Unified Sch. Dist.,* 107 Cal.App.4th 1352, 1361, 132 Cal.Rptr.2d 748 (2003) ("A school district's exercise of authority to expel and/or readmit a pupil involves the type of decision that entails the resolution of policy considerations ... that compels immunity from judicial reexamination." (internal quotations omitted) (citing cases)).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.